[No. 32961. Department Two. October 27, 1955.]

CHARLES E. HOMAN, *a Minor, by his Guardian ad Litem, W. E. Homan, Appellant, v.* JOHN H. COMSTOCK *et al., Respondents.*[1]

*Blechschmidt & McKenzie,* for appellant.

*Gavin, Robinson & Kendrick* and *Oscar L. Boose,* for respondents.

PER CURIAM.—This is an action on behalf of a minor seeking to disaffirm and rescind a contract he had entered into

[1]Reported in 289 P. (2d) 362.

for the purchase of real property and growing crops. The crops had been harvested and sold by the minor prior to his effort to disaffirm. The claimed right to disaffirm is based upon his minority, he having been nineteen years of age at the time the contract was executed. The complaint also alleged that the contract was an improvident one entered into by the minor because of misrepresentations and undue influence.

The trial court found that the property purchased under the contract was reasonably worth the price the minor had agreed to pay for it; that it had not been misrepresented to him in any manner; that he had not been overreached; and that the contract was not an improvident one. The trial court further found that, during the transactions and negotiations which led to the execution of the contract, the minor represented himself to the sellers to be "an adult person of 27 years of age"; that the minor "is a large, mature appearing young man, and acts maturely in his conduct and demeanor"; and that the sellers were justified in believing the minor's representation that he was an adult.

We have a statute which provides that a minor cannot disaffirm a contract when, on account of his own misrepresentations as to his age, the person contracting with him had good reason to believe him capable of contracting. Laws of 1865-66, An Act Concerning Minors, Their Rights and Liabilities, § 3, p. 93 (Rem. Rev. Stat., § 5830; RCW 26-.28.040).

Our examination of the record convinces us that there was substantial evidence to support the findings above referred to, and that they, in turn, support the judgment of dismissal of the action brought on behalf of the minor and make it unnecessary to consider the other issue raised, i.e., whether the proceeds of the crops sold by the minor and remaining under his control at the time of the attempted disaffirmance had to be restored to the seller as a condition precedent to a disaffirmance. See Laws of 1865-66, *supra*, § 2, p. 92 (Rem. Rev. Stat., § 5829; RCW 26.28.030).

Judgment affirmed.